**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of                                                      101 West Lombard Street
Douglas R. Miller                                              Baltimore, Maryland 21201
United States Magistrate Judge              MDD_DRMChambers@mdd.uscourts.gov
                                                                        (410) 962-7770


March 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Christopher S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0180-DRM

Dear Counsel:

On January 17, 2025, Plaintiff Christopher S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF No. 8, 11, 13. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.    <u>PROCEDURAL BACKGROUND</u>

Plaintiff filed for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on August 9, 2021, alleging an onset date of September 1, 2017. Tr. 17. Plaintiff later amended the onset date to March 31, 2018. Plaintiff was denied initially on February 7, 2022, and upon reconsideration on October 6, 2022. Tr. 17. On July 13, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17. Following the hearing, on August 23, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 17-29. The Appeals Council denied Plaintiff's request for review. Tr. 1–6. The Appeals Council denied Plaintiff's request for review, ECF No. 11 at 2, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on January 17, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Christopher S. v. Frank Bisignano*
Civil No. 25-0180-DRM
March 9, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 31, 2018, the amended alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine; mild degenerative changes/osteoarthritis (OA) of the left hip; plantar fasciitis; hearing loss; headaches; adjustment disorder; post-traumatic stress disorder (PTSD); dysthymic disorder; intellectual deficit." Tr. 19–20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes or scaffolds, kneel, or crawl; can occasionally climb ramps or stairs, stoop, crouch; unlimited balance; is capable of frequent fingering and handling with the bilateral upper extremities; must avoid concentrated exposure to extreme cold and irritants such as fumes, odors, dust and gases, poorly ventilated areas and chemicals, and hazards such as dangerous moving machinery and unprotected heights; must avoid moderate or occasional exposure to noise; job must accommodate the use of a hearing aid; is capable of simple, routine and repetitive tasks in a low stress job defined as having no more than occasional changes in the work setting and no interaction with the general public and occasional interaction with co workers and supervisors such that is capable of working with things rather than with people.

Tr. 22. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy such as Marker (DOT[3] # 209.587-034),

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ["SCO"]. . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of

*Christopher S. v. Frank Bisignano*
Civil No. 25-0180-DRM
March 9, 2026
Page 3

Router (DOT # 222.587-034), and Photocopy Machine Operator (DOT # 207.685-014). Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ erred at step five in her identification of jobs in the national economy that Plaintiff could perform. ECF No. 11 at 8-9. First, Plaintiff contends that the jobs of marker and photocopy machine operator are obsolete. *Id.* at 9. Second, Plaintiff argues that the ALJ failed to address an apparent conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") with respect to the job of router. *Id.* at 9–13. Specifically, Plaintiff asserts that the GED Reasoning Level for the router position is Level 3, which Plaintiff contends conflicts with limitations in his RFC. *Id.* at 13.

In response, the Commissioner argues that the marker and photocopy machine operator positions are not obsolete and exist in significant numbers in the national economy. ECF No. 13 at 7. According to the Commissioner, there are approximately 130,000 marker jobs and 6,000 photocopy machine operator jobs nationally, which satisfies the step-five requirement. *Id.* The Commissioner further argues that the GED Reasoning Level for the router position is Level 2, which does not conflict with Plaintiff's RFC limitations. *Id.* at 9–10. Additionally, the Commissioner contends that Plaintiff waived any argument regarding job obsolescence because Plaintiff's counsel did not raise the issue during the administrative hearing. *Id.* at 8. In reply, Plaintiff maintains that the Commissioner's brief fails to resolve the issues raised and asserts that the ALJ did not adequately explain the decision denying benefits. ECF No. 14 at 1-2.

---

Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015).

*Christopher S. v. Frank Bisignano*
Civil No. 25-0180-DRM
March 9, 2026
Page 4

At step five of the sequential evaluation, the Commissioner bears the burden of demonstrating that work exists in significant numbers in the national economy that a claimant can perform given their RFC and vocational factors. 20 C.F.R. § 416.960(c)(2). The Fourth Circuit has recognized that this threshold is relatively low. *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (finding that 110 regional jobs constituted a significant number); *Hodges v. Apfel*, 203 F.3d 820, at *1 (4th Cir. 2000) (153 jobs sufficient). Courts within this district have likewise noted that even relatively small numbers of jobs may satisfy the statutory requirement. *See Beau S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2083, 2019 WL 3208002, at *3 (D. Md. July 16, 2019); *Read v. Comm'r, Soc. Sec.*, No. GJH-15-2684, 2016 WL 2610117, at *5 (D. Md. May 6, 2016). Moreover, even if an ALJ identifies one job that is obsolete, remand is not necessarily required if other jobs identified by the VE exist in significant numbers. *See Beau S.*, 2019 WL 3208002, at *3; *Michelle W. v. Kijakazi*, No. TJS-20-2984, 2021 WL 5105769, at *5 (D. Md. Nov. 3, 2021).

Plaintiff argues that two of the jobs identified by the VE, marker and photocopy machine operator, are obsolete. ECF No. 11 at 9. Plaintiff points to *Applefeld v. Berryhill*, No. SAG-17-517, 2018 WL 1136571 (D. Md. Feb. 28, 2018), which found that these two positions "are obsolete . . . [and] when the descriptions of positions in the DOT appear obsolete, the VE should consult more recent sources of information to establish substantial evidence of the continued existence of the position." 2018 WL 1136571, at *5 n1 (citing *Cunningham v. Astrue*, 360 Fed. App'x. 606, 615 (6th Cir. 2010); *Czosnowski v. Comm'r, Soc. Sec.*, No. RDB-13-1467, 2014 WL 1660083, at *4 (D. Md. Apr. 23, 2014)). *See also Winkler v. Comm'r, SSA*, No. SAG-14-2720, 2015 WL 4069334, at *4 n.3 (D. Md. July 2, 2015) (same with regard to "document preparer.")

Here, however, the VE appears to have done exactly what *Applefeld* and *Winkler* demand: rely on Job Browser Pro[4] to determine that approximately 130,000 marker jobs and 6,000

---

[4] The Commissioner identifies Job Browser Pro as a "third-party, commercial source," ECF No. 13 at 7, which Plaintiff does not challenge. *See, e.g.*, *Purdy v. Berryhill*, 887 F.3d 7 (1st Cir. 2018):

> the VE testified on the basis of numbers supplied by Job Browser Pro software available from a concern called SkillTRAN. . . . The software takes as its starting point the [DOT]. . . . The DOT "just defines jobs," however; "[i]t does not report how many such jobs are available in the economy." And while the Government collects job data, it does so at an aggregated group level, rather than by DOT occupation, which renders estimating the number of jobs available in the economy for a given DOT occupation no easy task. SkillTRAN's software attempts to address that shortcoming through its interpretation of the available data.

887 F.3d at 14-15 (citations omitted). *See also, e.g., Chavez v. O'Malley*, 96 F.4th 1016, 1018 (7th Cir. 2024) (finding VE testimony relying on Job Browser Pro reliable); *Wischmann v. Kijakazi*, 68 F.4th 498, 508 (9th Cir. 2023) (not error for ALJ to decline to consider claimant's alternative estimates of job numbers where claimant failed to demonstrate he had used same methodology as VE to interpret Job Browser Pro data).

*Christopher S. v. Frank Bisignano*
Civil No. 25-0180-DRM
March 9, 2026
Page 5

photocopy machine operator jobs exist in the national economy. Tr. 63. These figures exceed the threshold that courts have found sufficient to satisfy the "significant numbers" requirement. *See Hicks*, 600 F.2d at 1051 n.2; *Hodges*, 203 F.3d at 1. The Court concludes that the ALJ reasonably relied on the VE's testimony that a significant number of marker and photocopy machine operator jobs exist in the national economy. Accordingly, the VE's testimony provides substantial evidence supporting the ALJ's finding that these positions exist in significant numbers.[5]

Plaintiff's second argument concerns an alleged conflict between the VE's testimony regarding the job of router and the DOT. An ALJ must identify and resolve any apparent conflict between VE testimony and the DOT before relying on that testimony at step five. *See* SSR 00-4p, 2000 WL 1898704, at *4; *Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015). If an apparent conflict exists and the ALJ fails to address it, the VE's testimony cannot constitute substantial evidence supporting the decision. *Id.*

Here, Plaintiff argues that the router position requires GED Reasoning Level 3, which Plaintiff contends conflicts with his RFC limiting him to "simple, routine, and repetitive tasks in a low-stress job." ECF No. 11 at 12–13. Plaintiff, however, misidentifies the reasoning level associated with this occupation. The DOT lists the router position as requiring GED Reasoning Level 2. See DOT 222.587-038. Because Plaintiff's argument relies on an incorrect premise, Plaintiff does not meaningfully address whether GED Reasoning Level 2 conflicts with his RFC.

Courts within the Fourth Circuit have addressed the relationship between GED Reasoning Level 2 and RFC limitations to simple work. In *Thomas v. Berryhill*, the Fourth Circuit found a conflict between GED Reasoning Level 2 and an RFC limited to "short, simple instructions." 916 F.3d 307, 313 (4th Cir. 2019). By contrast, in *Lawrence v. Saul*, the court held that no conflict exists between GED Reasoning Level 2 and an RFC limited to "simple, routine, repetitive tasks." 941 F.3d 140, 143 (4th Cir. 2019). The court explained that "simple" instructions are not inconsistent with "detailed but uninvolved" instructions required at Reasoning Level 2. *Id.* Plaintiff's RFC limits him to "simple, routine, repetitive tasks," which mirrors the language considered in *Lawrence*. Tr. 22; *Lawrence*, 941 F.3d at 143. Because the RFC does not limit Plaintiff to "short" instructions, as in *Thomas*, no apparent conflict exists between the router position and Plaintiff's RFC. *See also Shawn S. v. Kijakazi*, No. 21-3180-BAH, 2022 WL 6200648, at *6 (D. Md. Oct. 7, 2022) (RFC limitations to "simple and routine instructions" and "simple and routine tasks" not inconsistent with GED Reasoning Level 2.) Accordingly, the ALJ did not err in relying on the VE's testimony at step five, and substantial evidence supports the ALJ's finding that Plaintiff was capable of performing the job of router.

---

[5] The Commissioner also contends that Plaintiff did not preserve this issue because Plaintiff's counsel did not challenge the VE's testimony regarding these positions at the administrative hearing. ECF No. 13 at 8. In support, the Commissioner relies exclusively on decisions from the Middle District of North Carolina, which he cites without further explanation as to how their reasoning applies to the circumstances of this case. Those cases are not binding on this Court, and the Court has been unable to identify any controlling authority adopting such a forfeiture rule.

*Christopher S. v. Frank Bisignano*
Civil No. 25-0180-DRM
March 9, 2026
Page 6

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,


/s/


Douglas R. Miller
United States Magistrate Judge